IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITY OF ALBUQUERQUE,

    Plaintiff,

    vs.                                                        No. CIV 01-1266 LH/WWD

UNITED STATES DEPARTMENT OF
THE INTERIOR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Docket No. 8), filed January 18, 2002. The Court, having considered the pleadings submitted by the parties, and otherwise being fully advised, finds that Defendant's motion is well-taken and shall be **granted.**

The City of Albuquerque ("City") brought this action under 5 U.S.C. §706(1) & (2)(A) of the Administrative Procedures Act ("APA"), alleging that the United States Department of the Interior ("DOI") violated Executive Order 12072, 43 Fed. Reg. 36,869 (August 16, 1978), in its solicitation for bids and award of a contract for office space for the Office of the Special Trustee for American Indians ("OST") in Albuquerque, New Mexico. Executive Order 12072 directs federal agencies "to give first consideration to a centralized community business area and adjacent areas of similar character, including other specific areas which may be recommended by local

officials." *Id.*, §1-103. The City objects to the manner in which the DOI conducted the solicitation and evaluation of bids in this procurement, as well as the ultimate site selection for office space outside the centralized community business area.

In its motion to dismiss, the DOI argues that the City's claim is actually a "bid protest" arising under the Alternative Dispute Resolution Act of 1996, 28 U.S.C. §1491(b) ("ADRA"), and that the ADRA preempts all procurement protests. The DOI urges that the Court of Federal Claims now has exclusive jurisdiction over suits filed under ADRA, after a sunset clause went into effect on January 1, 2001.[1]

In response to the DOI's motion, the City asserts that its lawsuit is not a bid protest, but is one properly brought by a party "aggrieved by agency action" under APA §702. The City concedes that it is not an "interested party," as case law has interpreted the ADRA, since it was not a bidder in the OST procurement. As such, the City argues that the ADRA cannot apply, and the City's only recourse was to bring the cause of action under the APA.

The Court notes initially that the parties have submitted affidavits and other documents with their briefs. However, the portion of this motion to dismiss for lack of subject matter jurisdiction is a facial, not a substantive, attack. "[A] facial attack on the complaint's allegations

---

[1] The DOI also asserts that, even if this Court did have subject matter jurisdiction over ADRA cases, the City would not be an "interested party" and, therefore, would lack standing. Case law suggests that "interested parties" are only parties that have participated and lost in a bid process. *E.g., Baltimore Gas and Elec. Co. v. United States*, 290 F.3d 734, 736-37 (4th Cir. 2002) (state public service commission with regulatory interest in successful bidder for electric power supplier contract was not an "interested party" and lacked standing); *Am. Fed'n of Gov't Employees v. United States*, 258 F.3d 1294, 1301-02 (D.C. Cir. 2001) (holding that the term "interested party" is limited to actual or prospective bidders or offerors, as defined by the Competition in Contracting Act, 31 U.S.C. §§3551-56). Since this Court concludes that it lacks subject matter jurisdiction in this case, the issue of the City's standing is expressly not addressed.

as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted). The motion to dismiss hinges on questions of law, and the documents submitted with the briefs, which all pertain to the merits of the case, are unnecessary for the Court to rule. Therefore, this motion to dismiss will not be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.

The parties do not disagree about the facts pertaining to jurisdiction. The issues are purely legal: 1) whether the City's action is a bid or procurement protest under the ADRA; and 2) whether the City may bring this action under the more general §704 of the APA, under this Court's "*Scanwell* jurisdiction," as opposed to the ADRA.

The ADRA reads, in pertinent part:

> [T]he United States Court of Federal Claims...shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement...[2]

28 U.S.C. §1491(b).

As presented in its complaint, the City's action "challenges the procedures used in reaching a final agency decision with respect to the site selection for a proposed new office building in the City of Albuquerque for the Department of Interior, Office of Special Trustee for American Indians." Complaint to Set Aside Site Selection for BIA Offices in the City of

---

[2] Initially, the ADRA granted jurisdiction to both the United States Court of Federal Claims and the United States District Courts. Congress included a sunset clause that terminated the jurisdiction of the district courts on January 1, 2001. The Court of Federal Claims has exclusive jurisdiction over any cases filed after that date. *See* Pub.L. No. 104-320, § 12(d), 110 Stat. at 3875. This action was filed on November 6, 2001.

Albuquerque Based on Violation of Executive Order 12072 and Implementing Regulations of That Executive Order ("Complaint"), ¶ 3. The City also objects to the site selection process as being "in violation of Executive Order 12072 and those regulations implementing EO 12072, 41 C.F.R. §101-17.001 et seq." *Id.*, ¶ 4. This is an objection to the manner of solicitation for bids by the DOI, a federal agency, and that agency's alleged violation of an executive order and corresponding federal regulations in connection with a procurement. The City's action is precisely the type contemplated and controlled by the ADRA, exclusive jurisdiction for which lies in the Court of Federal Claims.

Before 1996, this Court would likely have had jurisdiction to adjudicate this APA action by the City under the *Scanwell* doctrine. *See, e.g., City of Reading, Pennsylvania v. Austin*, 816 F.Supp. 351 (E.D. Penn. 1993); *Jane D. v. Social Security Administration*, 1987 WL25625 (E.D. La.). The *Scanwell* doctrine derives from *Scanwell Laboratories v. Schaffer*, 424 F.2d 859 (D.C. Cir. 1970), wherein the D.C. Circuit determined that the district courts have jurisdiction to adjudicate bid protests under the APA. *See, e.g., Emery Worldwide Airlines, Inc.*, 264 F.3d 1071, 1080 (Fed. Cir. 2001). That is no longer the case. Case law analyzing the ADRA's legislative history makes it clear that Congress intended that the ADRA would "subsume" any causes of action in the realm of bid protests or procurement protests formerly arising under the APA and *Scanwell*. *Id.* at 1079-80; *Novell, Inc. v. United States*, 109 F.Supp.2d 22, 24-25 (D.D.C. 2000). After *Novell* and *Emery Worldwide,* the district courts do not retain any residual *Scanwell* jurisdiction. *Emery Worldwide,* 264 F.3d at 1080. In *Novell*, the District Court for the District of Columbia held:

> [T]here no longer is such an independent, APA-based jurisdiction for the district courts in government bid protest cases; rather, Congress effectively subsumed APA jurisdiction of the district courts into the more specific jurisdictional language of ADRA...[I]t would defeat the purpose of the sunset clause if these cases could still be brought in district court under the APA.

*Id.* at 24-25 (citations omitted).

Because this Court does not have jurisdiction to hear cases, such as this one, arising under the ADRA, and because there is no residual *Scanwell* jurisdiction not subsumed into the jurisdiction of the Court of Federal Claims by the ADRA, this Court is without jurisdiction in this case.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss is granted in its entirety and this case is accordingly dismissed without prejudice.

**IT IS FURTHER ORDERED** that the hearing previously scheduled in this matter on Thursday, August 15, 2002 at 10:00 a.m. is **vacated.**

_____
**UNITED STATES DISTRICT JUDGE**